**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**DETROIT**

**JASON LEWKUT**,

       Plaintiff                             Case No. 2:18-cv-10219

                                               Hon.

v

**FIFTH THIRD BANCORP,**
**CHASE BANK USA, N.A.,**
**EXPERIAN INFORMATION SOLUTIONS INC.,**
**TRANS UNION, LLC, and EQUIFAX INFORMATION**
**SERVICES, LLC.**

       Defendants.

_____/

John R. Badeen (P71014)
**XUEREB LAW GROUP PC**
Attorneys for Plaintiff
7752 N. Canton Center Road, Suite 110
Canton, MI  48187
(734) 455-2000
(734) 455-2013-fax
_____/

**<u>COMPLAINT</u>**

      There is no pending or resolved civil action arising out of the same
transaction or occurrence alleged in the complaint.

      /s/ John R. Badeen
        John R. Badeen (P71014), Attorney for Plaintiff

      Plaintiff, JASON LEWKUT, through his attorneys, XUEREB LAW GROUP PC, by John R.

Badeen, for his Complaint against the defendants in this action, states:

**<u>GENERAL ALLEGATIONS</u>**

1.      Plaintiff, JASON LEWKUT ("Lewkut"), is an individual residing in the Township of Canton, Wayne County, Michigan.

2.      Defendant, FIFTH THIRD BANCORP ("Fifth Third"), is a corporation with its headquarters in Cincinnati, Ohio.

3.      Defendant, CHASE BANK USA, N.A.("Chase"), is a national banking association headquartered in New York City, New York.

4.      Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), is a credit reporting agency with its headquarters in Costa Mesa, California.

5.      Defendant, TRANS UNION, LLC ("TransUnion"), is a credit reporting agency with its headquarters in Chicago, Illinois.

6.      Defendant, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), is a credit reporting agency with its headquarters in Atlanta, Georgia.

7.      Experian, TransUnion, and Equifax are referred to as "credit reporting agencies," collectively.

8.      This suit further seeks declaratory judgment as to defendant Fifth Third.

9.      Jurisdiction and venue are therefore proper before this court.

## FACTUAL ALLEGATIONS

10.     Plaintiff formerly had home equity line of credit account with Fifth Third that was discharged in bankruptcy.

11.     Plaintiff made a dispute with the credit reporting agencies because the debt was improperly reporting.

12.     Plaintiff formerly had a Chase credit card that was discharged in bankruptcy.

13.     Plaintiff made a dispute with the credit reporting agencies because the debt was

improperly reporting.

14.     As a result of the disputes, in some instances the credit reporting agencies have failed to notate the dispute on plaintiff's credit, and in others the errors in reporting remain unchanged.

15.     Additionally, upon information and belief, the credit reporting agencies are reporting plaintiff's chapter 13 bankruptcy without properly verifying the data furnisher despite proper requests to do so.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA")

16.     The plaintiff realleges paragraphs 1 through 15 above as if fully restated here.

17.     Chase and Fifth Third published inaccurate and inconsistent information to Experian, Equifax and TransUnion ("bank representations").

18.     Chase and Fifth Third violated the FCRA, section 1681s-2(a) by continuing to report the bank representations within plaintiff's credit file with Experian, Equifax and TransUnion.

19.     Chase and Fifth Third violated the FCRA, section 1681s-2(a)(2) by failing to correct the inaccurate information after the dispute.

20.     Chase and Fifth Third violated the FCRA, section 1681s-2(b) by failing to investigate and correct the inaccurate information as a result of plaintiff's dispute and by failing to notate the dispute on the accounts.

21.     As a result of this conduct, action and inaction of Fifth Third, the plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

22.     Chase and Fifth Third's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Chase and Fifth Third are negligent entitling the plaintiff to

---

recover actual damages under 15 U.S.C. 1681o, based upon Chase and Fifth Third's duty to report accurately, breach of that duty, and plaintiff's damages suffered as a result.

23.     The plaintiff is entitled to recover costs and attorney's fees from Fifth Third in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

THEREFORE, plaintiff requests this court enter judgment in plaintiff's favor, along with statutory costs and attorney's fees wrongfully sustained.

Respectfully submitted,

**XUEREB LAW GROUP PC**


By:  /s/ John R. Badeen
        John R. Badeen (P71014)
        Attorneys for plaintiff
        7752 N. Canton Center Rd.
        Suite 110
        Canton, Michigan 48187
        (734) 455-2000

Dated:  December 27, 2017

4